IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHNNY LEE BULLOCK : CASE NO.
Ser. No. 07890-032
UNITED STATES PENITENTIARY :
McCREARY (USP MCCREARY)
POST OFFICE BOX 3000 :
PINE KNOT, KY 42635 : C O M P L A I N T
:

Plaintiff :

:

vs. :

:

UNITED STATES DEPARTMENT OF : Case: 1:07-cv-01013
JUSTICE, (FBI); DRUG      Assigned To : Huvelle, Ellen S.
ENFORCEMENT AGENCY, (DEA) : Assign. Date : 6/4/2007
OFFICE OF INFORMATION      Description: FOIA/Privacy Act
AND PRIVACY :
NYAV BUILDING, 11TH FLOOR
WASHINGTON, D.C. 20530 :

Defendants :

---

## I. JURISDICTION

1. This case arises under the Freedom of Information Act and the Privacy Act of 1974, as the defendants improperly witheld agency records. Therefore, this Court maintains jurisdiction pursuant to 5 U.S.C. §§552 (a)(4)(B), 552 (g)(1)(B).

## II. PARTIES

2. Plaintiff Johnny Lee Bullock, ("Bullock"). Bullock is an individual, and a citizen of the United States of America. While bullock is presently confined to the USP McCreary in Pine Knot, KY, he is subject to transfer to another prison.

3. Defendant United States department of Justice, (DOJ) which includes the Federal Bureau of Investigation, (FBI), an agency thereof as defined by the Freedom of Information Act and Privacy Act.

4. Defendant Drug Enforcement Agency, (DEA), an agency of the DOJ as defined by the Freedom of Information Act and Privacy Act

### III. <u>THE FACTS</u>

COUNT I.

### A. <u>FREEDOM OF INFORMATION REQUEST TO THE FBI</u>

5. Bullock adopts and incorporates by refernce parg. 1 through 5 and states that on or about  July   ,8 , 2005 he initiated a request to the FBI in D.C. requesting any and all information on money transaction drug buys in relation to himself, including but not limited too audio recordings, statements and reports. **Exhibit A.**

6. The FBI stated that it located 37 pages of records responsive to the request, witholding 3 pages. Bullock appealed based on the fact that the search did not include other documents, and recordings responsive to the request. On July 17, 2006 the FBI affirmed the witholding and advised that a new search should be initiated with the Louisville Field Office and DEA.  **Exhibit B.**

2.

7. Bullock submitted the same request to the Louisville Field Office and the DEA. On August 23, 2006 the FBI assigned Request No. 1056345-000 to the request and initiated a search. **Exhibit C.** The Louisville Field Office forwarded the request back to the DOJ Headquarters in D.C. who **suddenly located a file,** after stating it did not have a file, but saying it was exempt from disclosure. This was dated November 22, 2006. **Exhibit D.**

8. On December 3, 2006 Bullock appealed this witholding to the DOJ/FBI Headquarters, **received** by them on **January 26, 2007,** and denied on **April 30,** 2007. **Exhibit E , F and G.**

9. Bullock contends that the exemptions cited by the DOJ/FBI do not apply, and to the extent they do apply, the DOJ/FBI could redact the offending material.

10. Bullock further contends that the DOJ/FBI is witholding further information that it has not stated it has. An example of the bad faith by these defendants is illustrated in pargs. 6 and 7 wherein they referred him to the Louisville Field Office due to lack of requested materials, only for the Louisville Field Office to refer him back to DOJ/FBI headquarters where suddenly another file was newly discovered.

11. The DOJ/FBI continues to improperly withold agency records.

3.

## B. PRIVACY ACT REQUEST TO FBI

12. Bullock adopts and incorporates by reference pargs. 1 through 12 and states that the items requested above per the Freedom of Information Act, were also requested per the Privacy Act. All of the documents set forth above illustrate exhaustion of this request as well.

13. Bullock contends that the exemptions cited by the DOJ/FBI do not apply, and to the extent they do apply, the DOJ/FBI could redact the offending material.

14. Bullock further contends that the DOJ/FBI is witholding further information that it has not stated as having. An example of the bad faith by these defendants is illustrated in pargs. 6 and 7 wherein they referred him to the Louiville  Field Office due to lack of requested materials, only for the Louisville Field Office to refer him back to the DOJ/FBI headquarters where another file was discovered.

15. The DOJ/FBI continues to improperly withold agency records.

COUNT II.

### A. FREEDOM OF INFORMATION ACT REQUEST TO THE DEA

16. Bullock adopts and incorporates by refernce pargs. 1 through 16 and states that on July 8, 2005 he initiated a FOIA request to

4.

the DEA in D.C. requesting any and all information on money transaction drug buys in relation to himself, including but not limited too, audio recordings, statements and Reports. **Exhibit H.**

17. On August  12, 2005 the DEA assigned Case No. 05-1301-P to the request and stated a waiver of fee denial had been issued. **Exhibit I.** Bullock appealed this denial and on September 21, 2005 a notice was received by Bullock stating the appeal was being processed. **Exhibit J.**

18. On December 5, 2006 the Director sent  the request for records back to the DEA to determine what records would be released and the cost.  **Exhibit K.**

19. On January 16, 2007 the DEA refused to disclose **all** of the requested material, **and 5 of the  witheld pages,**  stating they were exempt from disclosure. **Exhibit L.**  On February 9, 2007 Bullock appealed the refusal to disclose documents in Case No. 05-1301-P to the DOJ Office of Information and Privacy. **Exhibit M.**

20. As of this date the DOJ has refused to respond within the allotted twenty day (20) time period to decide the appeal, thus this action follows.

21. Bullock contends that the exemptions cited by the DOJ/DEA do not apply, and to the extent they do apply, the DOJ/DEA could redact the offending material. The DOJ/DEA continues to improperly withold agency records.

## B. PRIVACY ACT REQUEST TO THE DEA

22. Bullock adopts and incorporates by refence pargs, 1 through 22 and states that the items requested above per the Freedom of Information Act, were also requested per the Privacy Act. All of the documents set forth above illustrate exhaustion of this request as well.

23. Bullock contends that the exemptions cited by the DOJ/DEA do not apply, and to the extent they do apply, the DOJ/DEA could redact the offending material.

24. The DOJ/DEA continues to improperly withold agency records.

## IV. IMPROPER WITHOLDING OF AGENCY RECORDS

22. For each request identified above, the agency improperly witheld agency records by: (1) conducting an inadequate search for responsive materials; (2) applying exemptions that do not apply; (3) not responding to the request.

WHEREFORE, based on the above, Plaintiff johnny Lee Bullock respectfully demands that this Court: (1) Enjoin the Agency to provide the responsive records; (2) Award costs and fees; and (3) grant any further relief that may be appropriate and just.

Respectfully submitted,

Johnny Lee Bullock #07890-032
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

6.

## VERITY

Johnny Lee Bullock, declares under penalty of perjury of the Laws of the United States of America, that the contents in this complaint ar. true and correct, and made by first hand knowledge of the pro se plaintiff.

Signed this __ day of May, 2007.

*Johnny Lee Bullock*
Johnny Lee Bullock

7.

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Johnny L. Bullock

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88880
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se Pr

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 07890-033

**DEFENDANTS**

USDOJ, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01013
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/4/2007
Description: FOIA/Privacy Act

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZE**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(4)

| ☐ G. *Habeas Corpus/2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 - F.O.I.A.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  **DEMAND $**  Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE June 4, 2007  SIGNATURE OF ATTORNEY OF RECORD  RCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

E  X  H  I  B  I  T    A

FOIA/PA REQUEST TO FBI

AGENCIES:
( ) UNITED STATES PAROLE COMMISSION
( ) FEDERAL BUREAU OF INVESTIGATION
( ) BUREAU OF INDIAN AFFAIRS
( ) OFFICE OF PROFESSIONAL RESPONSIBILITY
( ) DRUG ENFORCEMENT ADMINISTRATION
( ) TREASURY DEPARTMENT
( ) FEDERAL BUREAU OF PRISONS
( ) STATE AGENCY
( ) OTHER___

DIRECT RESPONSE TO:

Johnny Lee Bullock
No.# 07890-032
United States Penitentiary
P. O. Box 3000
Pine Knot, KY 42635

IDENTIFICATION OF REQUESTOR

NAME., Johnny Lee Bullock
D.O.B. 5/23/47
PLACE OF BIRTH. Mt. Vernon, KY
SOCIAL SECURITY NO. 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

FREEDOM OF INFORMATION
(U.S.C. 552) PRIVACY ACT
(5 U.S.C. 552a(d)(1)
REQUEST: EXEMPTIONS
(5 U.S.C. 552(6)(c)(b)(7),
GENERAL (U.S.C. 552a(J)(2),
OR SPECIFIC (U.S.C. 552a(k)
(2) NOT APPLICABLE TO THIS
REQUEST,

```
[_____
[                !            ]
[                !            ]
[                !            ]
[                !            ]
[                !            ]
[                !            ]
[                !            ]
[   RT.          !      RI.   ]
[_____]
```

De   Sir/Ms:
This letter will serve as my request pursuant to the provisions of the
Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C.
552a (d)(1), and the applicable State Statutes governing freedom of
information request if State Agency request,for full disclosure and
release of all records and/or an identifier assigned to my name. This
request is sought specifically for amendment,deletion and/or expungment
(5 U.S.C. 552a (d)(2)(a) of records maintained by your agency. The
records sought, but not limited to, is the completed file containing (1)
arrest records, (2) investigation and/or investigatory reports, (3)
reports or evidentiary and/or scientific information findings, (4) wants,
warrants and/or detainers, (5) final and closing investigation reports;
and (6) any and/or all information, data or reports not otherwise exempt
by statute (5 U.S.C. (66)(c)(b)(7), (5 U.S.C. 552a (J)(2), (k)(2), or
law Tarlton v. Saxbe, 507 F. 2d 1116, U.S. App. D.C. 293 (1974), Sullivan
v. Murphy, 478 F. 2d 938, 156 U.S. App. D.C. 28 (1973). Your agency is
advised that the investigation reports in toto are no longer accorded
exempt status unless specific exemption noted, and only with reference
to specific citation of authority, Paton v. La Prade, 524 F. 2d 862, 868-
69 (CA. 3 1973).

07 1013

# FILED

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

Examples of specific requests:

1. _____ The information that is under request is the documentation of any and all money transactions for drug buys in the case of Johny Lee Bullock.

2. _____ The information that has been listed in (1) also refer to any and all audio recording's, statement's, and reports of any kind when it comes to Johnny Lee Bullock.

3. _____

4. _____

5. _____

6. _____

7. _____

[CERTIFICATION OF IDENTITY]

privacy act statement; In accordance with 28 CFR 16.41, personal data sufficent to identify the individual submitting a request by mail under the PRIVACY ACT of 1974, 5 U.S.C. 552a, is required. The purpose of this solicitation is to ensure that the records of the individuals who are subject of U.S. Department of Justice systems of records are not wrongfully disseminated by the Department. Failure to furnish the information will result in no action being taken on the request by the systems manager. False information on this form may subject the requester to criminal penalties under 18 U.S.C. section 1001 and/or 5 U.S.C. 552a(i)(3)by a fine of no more than $5,000.

FULL NAME OF REQUESTER  JOHNNY LEE BULLOCK

CURRENT ADDRESS P.O. Box 3000 Pine Knot, Ky.

DATE OF BIRTH  5/23/47

PLACE OF BIRTH  Mt. Vernon, KY 40456

I certify that I am the person above and I understand that any falsification of this statement is punishable under the provision of 18 U.S.C. 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any records under false pretense is punishable under provisions of 5 U.S.C. 552a(i)(3) by a fine of no more than $5,000.

SIGNATURE: *Johnny Lee Bullock*

[AFFIDAVIT OF INDIGENCE]

In as much as the requested information is in the "PUBLIC INTEREST" and I have declared myself to be indigent, I ask that you "WAVE ALL FEES, COST, AND/OR CHARGES!!" In pursuant to 5 U.S.C. 552a (i)(3) et. Seq.

I  JOHNNY LEE BULLOCK                  , swear that the afore going FOIA/PA request is true and correct to the best of my knowledge and belief.

*Johnny Lee Bullock*

REG. # 07890-032

P.O. BOX 3000

STATE Kentucky

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and/or any material therein contained has been released to any identifiable
individual or agency, there name, titled, purpose and need for such information, the date of such release, the specific material that was released, the person within you Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d)(1), Paton v. LaParde, 524 F.2d 862 (CA3 1975) Tariton v. Saxbe, 507 F.2d 1116, 165 U.S. App. D.C. 293 (1974), of Linda R.S. v. Richard D. 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d 536 (1973)

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a)(together with the alternate means of access), to permit access to records on file with your Agency. If for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6)(c)(b)(7), 552a (J)(2), (k)(2), or by regulation Menard v. Mitchell, 430 F.2d 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 466 F. Supp. 102) I request specific citations to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from material for release. Paton v. LaParde, 524 F.2d 862 (CA3 1975). Chastain v. Kelly 510 F. 2d 1232. I further agree to pay any reasonable cost, or file in FORMA PAUPERIS if I am indigent. Provided by statute or regulation of your Agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. (6)(1)(1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulation and the date as to when your Agency will be able to act upon request.

Yours truly,

*Johnny Lee Bullock*

Dated: 8-2-2006

3.

E X H I B I T   B

July 17, 2006 Appeal No. 06-0529

Request No. 1025288 to FBI

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_               _Washington, D.C. 20530_

**JUL 1 7 2006**

Mr. Johnny Lee Bullock                Re:    Appeal No. 06-0529
Register No. 07890-032                       Request No. 1025288
United States Penitentiary                   BVE:ADW:JTR
Post Office Box 12015
Terre Haute, IN 47801

Dear Mr. Bullock:

        You appealed from the action of the Headquarters Office of the Federal Bureau of
Investigation on your request for access to records pertaining to yourself, including records
related to "money transactions for drug buys" in your case.

        After carefully considering your appeal, I am affirming, on partly modified grounds, the
FBI's action on your request. The records responsive to your request are exempt from the access
provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.96
(2005). Because these records are not available to you under the Privacy Act, your request has
been reviewed under the Freedom of Information Act in order to afford you the greatest possible
access to them.

        In its response of November 3, 2005, the FBI informed you that it found thirty-seven
pages of records responsive to your request. On appeal you seemingly raise a concern about the
limited number of pages located. A member of my staff has looked into this matter and
confirmed that the FBI could locate no additional records responsive to your request at the FBI's
Headquarters Office. Although the FBI identified an additional file that may have been
responsive to your request -- File No. 26-436858, related to the interstate transportation of a **07  1013**
stolen motor vehicle -- that file was destroyed on August 20, 1996 in accordance with routine
records destruction schedules. See 44 U.S.C. § 3302 (2000) and 36 C.F.R. § 1228 (2005).

        With regard to those records that the FBI did locate and process, it properly withheld
certain information that is protected from disclosure under the FOIA pursuant to 5 U.S.C. **FILED**
§ 552(b)(7)(C). This provision concerns records or information compiled for law enforcement
purposes the release of which could reasonably be expected to constitute an unwarranted     **JUN - 4 2007**
invasion of the personal privacy of third parties. Two of the three pages withheld from you in
full are actually duplicate pages of other records provided to you.     **NANCY MAYER WHITTINGTON, CLERK**
                                                                        **U.S. DISTRICT COURT**

        Additionally, FBI personnel have advised a member of my staff that the Louisville Field
Office may have a file that includes a cross-reference to you that is responsive to your request. If
you have not done so already, I suggest that you submit a new request directly to the Louisville

-2-

Field Office. See 28 C.F.R. §§ 16.3(a) and 16.41(a) (2005) (requests for records held by FBI field offices must be submitted to the field offices directly). You may appeal any further adverse determination by the FBI. The address for the Louisville Field Office is:

> Federal Bureau of Investigation
> Louisville Field Office
> Room 500
> 600 Martin Luther King Jr. Place
> Louisville, KY 40202-2231

Because you also requested records that related to a drug investigation, it is also possible that records concerning you are maintained by the Drug Enforcement Administration (DEA). If you wish to obtain records maintained by DEA, and have not already done so, you may send a new request to the following address:

> Ms. Katherine L. Myrick
> Chief, Freedom of Information Operations Unit
> Drug Enforcement Administration
> Department of Justice
> 700 Army Navy Drive
> Arlington, VA 22202

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

E X H I B I T    C

August  23, 2006 Acknowledgment of Receipt by Louisville Field Office



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

August 23, 2006

JOHNNY LEE BULLOCK
**07890-032
UNITED STATES PENITENTIARY MCCREARY
POST OFFICE BOX 3000
PINE KNOT, KY 42635

Request No.: 1056345- 000
Subject: BULLOCK, JOHNNY LEE

Dear Requester:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI's Louisville Field Office. The FOIPA number listed above has been assigned to your request.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

    Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

*[signature]*

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

07 1013

**FILED**

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



U.S. Department of Justice

_____

**Federal Bureau of Investigation**

_Washington, D.C. 20535_

_November 22, 2006_

MR. JOHNNY LEE BULLOCK
**07890-032
UNITED STATES PENITENTIARY MCCREARY
POST OFFICE BOX 3000
PINE KNOT, KY 42635
UNITED STATES

                             Request No.:  1056345- 000
                             Subject: BULLOCK, JOHNNY LEE

Dear Requester:

       This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request which was forwarded to FBIHQ from our Louisville Field Office for information pertaining to the above subject.

       The material you requested is located in an investigative file which is exempt from disclosure pursuant to Title 5, United States Code, Section 552, subsection (b)(7)(A).  For an explanation of this exemption see enclosed Form OPCA-16a.  Please note if this file is reviewed under FOIPA in the future, additional exemptions may be applied at that time.

       You may appeal this denial by writing to the Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001, within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may easily be identified.

                            Sincerely yours,

                            David M. Hardy
                            Section Chief,
                            Record/Information
                              Dissemination Section
                            Records Management Division

07 1013

FILED

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E  X  H  I  B  I  T        E

December 3, 2006 Appeal of No. 1056345-000 of the witholdings

United States Department of Justice
c/o Office of Information and Privacy
1425 New York Avenue, N.W., Suite 11050
Washington, D.C.
20530-0001

December 3, 2006

RE: **1056345-000**

## APPEAL FROM THE DENIAL OF FTOA/PA REQUEST

Dear Sir/Madam:

On or about November 22nd, 2006, I received the agencies
denial of my FTOA/PA Request pursuant to **Title 5 USC §552(b)(7)(A)**,
which states, in relevant part:

"could be reasonably expected to interfere with enforcement
proceedings."

### ARGUMENT FOR APPEAL

The information/documentation being requested through my
FTOA/Pa Request is:

1)   information/documentation relating to the fraudulent
     submission of evidence in a criminal trial, for which, I
     was never indicted;

     (a)   said "fraudualent submission" was prepetuated upon
           me to validate the crime, for which, I was indicted
           therefore, due to the death of the individual (C.T.
           and/or C.W., etc.) who would have given testimony
           at my trial, but, due to the death, other means had
           to be contrived to justify the indicted crime;

     (b)   said "fraudulent submission" was condoned by those
           governmental agents involved with my criminal case

07  1013

**FILED**

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Page 2
12-3-06
1056345

   (c)    said "fraudulent submission" did validate the crime,
for which, the evidence was unavailable and/or which
could not be submitted in the criminal trial due to
the death of the C.I. and/or C.W., etc.;

2)   the information/documentation being requested does speci-
fically relate to:

   (a)    "money transactions for drug buys" which were and/or
were not used in my criminal case;

   (b)    "audio recordings, statements, and, reports, of any
kind" which were and/or were not used in my criminal
case;

3)   the information/documentation being requested will prove
that the governmental agents did use the evidence of an
unindicted controlled buy to convict me on an indicted
controlled buy wherein the necessary and/or key government
witness had, prior to the trial, died;

4)   the requested information/documentation will, in fact,
uncover a crime being perpetuated against me by various
governmental agents;

5)   the requested information/documentation being denied to me
does subject those justifying the denial, to being, potentially
held guilty of conspiracy to defraud me of life and/or liberty,
which, is, in an or itself, a criminal act;

6)   I do hereby charge this agency to investigate the criminal
conduct, which, brought about a criminal conviction, by using
the evidence of an unindicted controlled buy, to justify the
conviction and sentence for an indicted controlled buy where
the key government witness had died.

7)   since there are no further governmental investigations being
held on the facts associated with the controlled buys in
question, there would be no enforcement proceedings harmed
through the disclosure of this infomation and/or document-
ation.

Page 3
12-3-06
1056345

## REMEDY

The only remedy available is the total release of the inform-
ation/documentation being requested, as there is no enforcement
proceeding in place due to my being convicted and/or sentenced on
the and/or by the information/documentation being requested.

Unless, of course, this agency is denying the requested
information/documentation for the continuation of a fraudulent
conviction?

## CERTIFICATE OF IDENTITY

I, Johnny Lee Bullock, do hereby attest and confirm, under
the penalties of perjury, that I am the individual making this
instant request for information and/or appeal from the denial of
said request. And, further, I do hereby state that the information
and/or documentation being requested is to prove my innocence
of the crime charged, and, will be used for that purpose and no
improper purpose.

Respectfully,

*Johnny Bullock*

Johnny Lee Bullock
#07890-032
USP-McCreary
P.O. Box 3000
Pine Knot, Kentucky
42635-3000

*Rebecca Woods* 12-04-06
NOTARY PUBLIC  exp: 12-22-0?

E  X  H  I  B  I  T     F

February 6, 2006 Receipt of Appeal No. 1056345

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

Mr. Johnny Lee Bullock
Register No. 07890-032
United States Penitentiary
P.O. Box 3000
Pine Knot, KY 42635-3000

     Re:  Request No. 1056345

Dear Mr. Bullock:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on January 26, 2007.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-0551**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

               Sincerely,

               Priscilla Jones
               Supervisory Administrative Specialist

07 1013

**FILED**

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E  X  H  I  B  I  T        G

April 30, 2007 Denial of Appeal of Witheld Documents



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                    Washington, D.C. 20530

**APR 3 0 2007**

Mr. Johnny Lee Bullock
Register No. 07890-032
United States Penitentiary               Re:    Appeal No. 07-0551
Post Office Box 3000                             Request No. 1056345
Pine Knot, KY  42635-3000                        ADW:TEH

Dear Mr. Bullock:

　　You appealed from the action of the Louisville Field Office of the Federal Bureau of Investigation on your request for access to records pertaining to yourself.

　　After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI properly withheld this information because it is protected from disclosure under the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(7)(A).  This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

　　If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

07 1013

**FILED**

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E  X  H  I  B  I  T      H

July 8, 2005 Request to DEA

AGENCIES:

( ) UNITED STATES PAROLE COMMISSION
( ) FEDERAL BUREAU OF INVESTIGATION
( ) BUREAU OF INDIAN AFFAIRS
( ) OFFICE OF PROFESSIONAL RESPONSIBILITY
( ) DRUG ENFORCEMENT ADMINISTRATION
( ) TREASURY DEPARTMENT
( ) FEDERAL BUREAU OF PRISONS
( ) STATE AGENCY
( ) OTHER_____

DIRECT RESPONSE TO:

Johnny Lee Bullock
No.# 07890-032
United States Penitentiary
P. O. Box 3000
Pine Knot, KY 42635

IDENTIFICATION OF REQUESTOR

NAME.,Johnny Lee Bullock
D.O.B.5/23/47
PLACE OF BIRTH. Mt. Vernon, KY
SOCIAL SECURITY NO. 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

FREEDOM OF INFORMATION
(U.S.C. 552) PRIVACY ACT
(5 U.S.C. 552a(d)(1)
REQUEST: EXEMPTIONS
(5 U.S.C. 552(6)(c)(b)(7),
GENERAL (U.S.C. 552a(j)(2),
OR SPECIFIC (U.S.C. 552a(k)
(2) NOT APPLICABLE TO THIS
REQUEST,

```
-----------------------------
[                !           ]
[                !           ]
[                !           ]
[                !           ]
[                !           ]
[                !           ]
[                !           ]
[                !           ]
[   RT.          !    R].    ]
-----------------------------
```

De  Sir/Ms:

This letter will serve as my request pursuant to the provisions of the
Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C.
552a (d)(1), and the applicable State Statutes governing freedom of
Information request if State Agency request,for full disclosure and
release of all records and/or an identifier assigned to my name. This
request is sought specifically for amendment,deletion and/or expungment
(5 U.S.C. (d)(2)(a) of records maintained by your agency. The
records sought, but not limited to, is the completed file containing (1)
arrest records, (2) investigation and/or investigatory reports, (3)
reports or evidentiary and/or scientific information findings, (4) wants,
warrants and/or detainers, (5) final and closing investigation reports;
and (6) any and/or all information, data or reports not otherwise exempt
by statute (5 U.S.C. (66)(c)(b)(7), (5 U.S.C. 552a (j)(2), (k)(2), or
law Tarlton v. Saxbe, 507 F. 2d 1116, U.S. App. D.C. 293 (1974), Sullivan
v. Murphy, 478 F. 2d 938, 156 U.S. App. D.C. 28 (1973). Your agency is
advised that the investigation reports in toto are no longer accorded
exempt status unless specific exemption noted, and only with reference
to specific citation of authority, Paton v. La Prade, 524 F. 2d 862, 868-
69 (CA. 3 1973).

07 1013

FILED

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

Examples of specific requests:

1. _____ The information that is under request is the documentation of any and all money transactions for drug buys in the case of Johny Lee Bullock.

_____

2. _____ The information that has been listed in (1) also refer to any and all audio recording's, statement's, and reports of any kind when it comes to Johnny Lee Bullock.

_____

3. _____

_____

_____

_____

4. _____

_____

_____

5. _____

_____

_____

6. _____

_____

_____

_____

7. _____

_____

_____

_____

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and/or any material therein contained has been released to any identifiable
individual or agency, there name, titled, purpose and need for such information, the date of such release, the specific material that was released, the person within you Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d)(1), Paton v. LaParde, 524 F.2d 862 (CA3 1975) Tarlton v. Saxbe, 507 F.2d 1116, 165 U.S. App. D.C. 293 (1974), of Linda R.S. v. Richard D. 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d 536 (1973)

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a)(together with the alternate means of access), to permit access to records on file with your Agency. If for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6)(c)(b)(7), 552a (j)(2), (k)(2), or by regulation Menard v. Mitchell, 430 F.2d 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 466 F. Supp. 102) I request specific citations to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from material for release. Paton v. LaParde, 524 F.2d 862 (CA3 1975). Chastain v. Kelly 510 F. 2d 1232. I further agree to pay any reasonable cost, or file in FORMA PAUPERIS if I am indigent. Provided by statute or regulation of your Agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. (6)(1)(1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulation and the date as to when your Agency will be able to act upon request.

Yours truly,

*Johnny Lee Bullock*

Dated: *8-2-2006*

3.

[CERTIFICATION OF IDENTITY]

privacy act statement; In accordance with **28 CFR 16.41**, personal data sufficent to identify the individual submitting a request by mail under the **PRIVACY ACT** of 1974, **5 U.S.C. 552a**, is required. The purpose of this solicitation is to ensure that the records of the individuals who are subject of U.S. Department of Justice systems of records are not wrongfully disseminated by the Department. Failure to furnish the information will result in no action being taken on the request by the systems manager. False Information on this form may subject the requester to criminal penalties under **18 U.S.C. section 1001** and/or **5 U.S.C. 552a(i)(3)** by a fine of no more than $5,000.

FULL NAME OF REQUESTER **JOHNNY LEE BULLOCK**

CURRENT ADDRESS *P.O. Box 3000 Pine Knot, Ky.*

DATE OF BIRTH **5/23/47**

PLACE OF BIRTH **Mt. Vernon, KY 40456**

I certify that I am the person above and I understand that any falsification of this statement is punishable under the provision of 18 U.S.C. 1001 by a fine of not more than $10.000 or by Imprisonment of not more than five years or both, and that requesting or obtaining any records under false pretense Is punishable under provisions of 5 U.S.C. 552a(i)(3) by a fine of no more than $5.000.

SIGNATURE: *Johnny Lee Bullock*

[AFFIDAVIT OF INDIGENCE]

In as much as the requested information is in the "PUBLIC INTEREST" and I have declared myself to be indigent, I ask that you "WAVE ALL FEES, COST, AND/OR CHARGES" In pursuant to 5 U.S.C. 552a (I)(3) et. Seq.

I **JOHNNY LEE BULLOCK** , swear that the afore going FOIA/PA request is true and correct to the best of my knowledge and belief.

*Johnny Lee Bullock*

REG.# *07890-032*

P.O. BOX *3000*

STATE *Kentucky*

E  X  H  I  B  I  T     I

August 12, 2005 Response from DEA

**U. S. Department of Justice**

Drug Enforcement Administration

**AUG 1 2 2005**

*www.dea.gov*

Johnny Lee Bullock  #07890-032
USP Terre Haute
P.O. Box 12015
Terre Haute, IN  47801

DEA Case Number:  05-1301-P

Subject:  Johnny L. Bullock

Dear Johnny L. Bullock:

This is in response to your Freedom of Information Act/Privacy Act (FOI/PA) request dated July 8, 2005, seeking information from the Drug Enforcement Administration (DEA) pertaining to the above subject.

We have reviewed your request for waiver of fees based on the disclosure of the requested information contributing significantly to the public interest and have determined that the waiver of fees requirement, 28 CFR §16.11(k), has not been met; thus rendering a denial of your request for waiver of fees.

The statutory fee waiver standard as amended in 1968 contains *two* basic requirements:  (1) the public interest requirement, and (2) the requirement that the requester's commercial interest in the disclosure, if any, be less than the public interest in it.  Please note that the requester bears the burden of satisfying both requirements.  In this instance, you have made no showing of how the requested information would be disseminated; nor have you demonstrated how the disclosure of the subject matter is likely to contribute significantly to public understanding of the operations and activities of the government.  We also seek further clarification on whether disclosure of the information would primarily be in your commercial interest.

In addition to requesting a waiver of fees based on the above public interest requirement, you stated that *"... I have declared myself indigent; I ask that you "WAVE ALL FEES ...."*  Please be advised that a requester's particular financial situation is not a factor entitling him or her to a waiver of fees.  Indigence alone, without a showing of a public benefit, is insufficient to warrant a waiver of fees.

07  1013

**FILED**

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E X H I B I T   J

September 21, 2005 Receipt from DEA



**U.S. Department of Justice**

Office of Information and Privacy

---

_Telephone: (202) 514-3642_                         _Washington, D.C. 20530_

**SEP 2 1 2005**

Mr. Johnny L. Bullock
Register No. 07890-032
United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

     Re:  Request No. 05-1301-P

Dear Mr. Bullock:

     This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration on your request for information from the files of the Department of Justice was received by this Office on September 15, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2794**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

               Sincerely,

               Priscilla Jones
               Chief, Administrative Staff

07 1013

**FILED**

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E  X  H  I  B  I  T        K

December 5, 2006 Remand to DEA



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

DEC - 5 2006

Mr. Johnny Bullock
Register No. 07890-032
United States Penitentiary                Re:    Appeal No. 05-2794
Post Office Box 12015                            Request No. 05-1301-P
Terre Haute, IN  47801                           JGM:RMF

Dear Mr. Bullock:

     You appealed from the fee waiver determination made by the Drug Enforcement
Administration (DEA) on your request for access to records pertaining to yourself.
Subsequently, in a letter addressed to this Office you modified your request to include only the
first 100 pages of your records.

     After careful consideration of your appeal, I am remanding your request so that DEA may
process it up to the page limitation you now have set.  Because there will be no fee for the first
100 pages, the need for this Office to adjudicate DEA's fee waiver denial as it relates to this
request is moot.

     Although you also indicated in your appeal that you should "be billed for any remaining
copying costs" beyond the first 100 pages, that amount is currently unknown.  Upon its receipt of
a copy of this letter, therefore, DEA will estimate the fees necessary to process the remaining
records for you.  Please contact DEA directly upon your receipt of its estimate and inform DEA
of your commitment to pay the estimated fees or provide it with an amount that you are willing to
pay for those remaining records (and it will process additional pages up to that limit).

     If DEA does not hear from you within sixty days of the date of its letter providing you
with a fee estimate it may assume that you are not longer interested in pursuing this matter and
close your request file.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                      Sincerely,

07; 1013

FILED

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

                      Daniel J. Metcalfe
                      Director

E  X  H  I  B  I  T      L

January 16, 2007 Remanded Appeal-Witholding of Records



**U.S. Department of Justice**

Drug Enforcement Administration

JAN 1 6 2007

*Case Number: 05-1301-P*

*Subject: BULLOCK, JOHNNY L. (REMANDED APPEAL)*

Johnny L. Bullock
Reg. No. 07890-032
USP Terre Haute
P.O. Box 12015
Terre Haute, Indiana  47801

Dear Mr. Bullock:

Your Freedom of Information/Privacy Act request seeking information from the Drug Enforcement Administration has been processed.

The processing of your request identified certain materials that will be released to you. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552, and/or the Privacy Act, 5 U.S.C. 552a.  Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption.  An additional enclosure with this letter explains these exemptions in more detail.  The documents are being forwarded to you with this letter.

The rules and regulations of the Drug Enforcement Administration applicable to Freedom of Information Act requests are contained in the Code of Federal Regulations, Title 28, Part 16, as amended.  They are published in the Federal Register and are available for inspection by members of the public.

If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9.  The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

DEPARTMENT OF JUSTICE
OFFICE OF INFORMATION AND PRIVACY
NYAV BUILDING, 11TH FLOOR
WASHINGTON, D.C.  20530

07 1013

**FILED**

JUN − 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2)  Materials related solely to the internal rules and practices of DEA.

(b)(3)  Information specifically exempted from disclosure by another federal statute.

(b)(4)  Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5)  Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6)  Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7)  Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2)  Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2)  Material compiled during civil investigations for law enforcement purposes.

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

For further information, see attached enclosure.

Sincerely,

*Katherine Myrick*

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section


Number of pages withheld:    5

Number of pages released:    10

Number of pages referred:    0


**APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:**

| Freedom of Information Act 5 U.S.C. 552 | | | Privacy Act 5 U.S.C. 552a | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [X] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [X] (b)(2) | [ ] (b)(6) | [X] (b)(7)(D) | [X] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [X] (b)(7)(F) | | |

**U.S. Department of Justice**
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code HID-100 | 2. Cross File | Related Files | 3. File No. BA-01-0004 | 4. G-DEP Identifier |
|---|---|---|---|---|
| At: London, KY RO | ☒ | BA-01-0001 | 6. File Title BULLOCK, Johnny Lee | |
| | ☐ | | | |
| 7. ☐ Closed  ☐ Requested Action Completed  ☐ Action Requested By: | ☐ | | | |
| 9. Other Office | ☐ | | 8. Date Prepared 12/08/00 | |

10. Report Re: Case Initiation Report on the drug trafficking activities of Johnny BULLOCK

### BASIS OF INVESTIGATION

This will be a joint investigation between DEA London, FBI London, and the Kentucky State Police.

### TARGETS OF THE INVESTIGATION

1.   The targets of the investigation will be Johnny Lee BULLOCK and other unknown members of the organization.

### INDEXING

1.   BULLOCK, Johnny Lee          NADDIS Negative
W/M, 5'10", 140lbs., DOB 5/12/47, brown hair, gray eyes, SS# 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, FBI# 181419H, address at 75 Ferguson St., Mt. Vernon, KY, telephone number (606) 256-4754.

| 11. Distribution: Division HQ, DO, SARI | 12. Signature (Agent) | 13. Date 12/8/00 |
|---|---|---|
| District | | |
| Other | Acting Resident Agent in Charge | 15. Date 12/12/00 |

DEA Form  - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| | 1. File No. |
|---|---|
| **REPORT OF INVESTIGATION** | BA-01-0004 |
| *(Continuation)* | 3. File Title BULLOCK, Johnny Lee |
| 4.<br>Page 2 of 2 | |
| 5. Program Code<br>HID-100 | 6. Date Prepared<br>12/08/00 |

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| **REPORT OF INVESTIGATION**<br>*(Continuation)* | 1. File No.<br>BA-01-000 | 2. G-DEP Identifier |
| | 3. File Title  BULLOCK, Johnny Lee | |

| 4.<br>Page  3  of  3 | |
| 5. Program Code<br>HID-100 | 6. Date Prepared<br>12/08/00 |

**INDEXING**

1.  BULLOCK, Johnny Lee                    NADDIS Pending

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**U.S. Department of Justice**
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code HID-100 | 2. Cross File | Related Files | 3. File No. BA-01-0004 | |
|---|---|---|---|---|
| At: London, KY   RO | ☒ | BA-01-0001 | 6. File Title BULLOCK, Johnny Lee | |
| | ☐ | | | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | ☐ | | 8. Date Prepared 01/24/01 | |

9. Other Officers: See paragraph 4 for other officers.

10. Report Re: Acquisition of Information Only Exhibit 3 and arrest of Johnny Lee BULLOCK on 01/23/01, in Rockcastle County, Kentucky.

### DETAILS

1. Reference should be made to all previous DEA 6 Reports of Investigation under this File Title and File Number.

2. On 01/23/01, at approximately 11:05 a.m., Agents of the DEA London Resident Office, FBI London, ATF London, and the Kentucky State Police executed two Federal Search Warrants at the residences of Johnny Lee BULLOCK on Sowder School Road in Rockcastle County, Kentucky. Johnny Lee BULLOCK, ███████ were present when these warrants were executed.

3. A search of the residences revealed approximately 1 ounce of suspected methamphetamine (Information Only Exhibit 3). Johnny Lee BULLOCK was subsequently arrested and lodged in the Laurel County Detention Center. For further details see FBI 302 written by ██████ that has been made a part of this case file.

| 11. Distribution: Division HQ,   DO,   SARI | 12. Signature (Agent) | 13. Date 1/24/01 |
|---|---|---|
| District | | 15. Date 01/24/01 |
| Other | A/RAC | |

DEA Form    - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**U.S. Department of Justice**
Drug Enforcement Administration

| | | |
|---|---|---|
| **REPORT OF INVESTIGATION**<br>*(Continuation)* | **1. File No.**<br>BA-01-0004 | ~~Identifier~~ |
| | **3. File Title** BULLOCK, Johnny Lee | |
| **4.**<br>Page  2  of  2 | | |
| **5. Program Code**<br>HID-100 | **6. Date Prepared**<br>01/24/01 | |

## CUSTODY OF EVIDENCE

### DRUG EVIDENCE

1.  Information Only Exhibit 3 is approximately 1 ounce of suspected methamphetamine seized from the residence of Johnny Lee BULLOCK on 01/23/01, in Rockcastle County, Kentucky. Information Only Exhibit 3 was taken into and will remain in the custody of the Kentucky State Police.

### NON-DRUG EVIDENCE

1.  Any and all non-drug evidence was taken into and will remain in the custody of ▮▮▮▮▮▮▮▮ of the FBI London, KY office.

### INDEXING

1.  BULLOCK, Johnny Lee                    NADDIS Pending

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**U.S. Department of Justice**
Drug Enforcement Administration

| | | | |
|---|---|---|---|
| **REPORT OF INVESTIGATION** | | **Page 1 of 1** | |

| 1. Program Code<br>HID-100 | 2. Cross<br>File | Related Files | 3. File No.<br>BA-01-0004 | 4. G-DEP Identifier |
|---|---|---|---|---|
| ██████████<br>At: London, KY | ☒ | BA-01-0001 | 6. File Title BULLOCK, Johnny Lee | |
| 7. ☐ Closed ☐ Requested Action Completed<br>☐ Action Requested By: | ☐<br>☐<br>☐ | | 8. Date Prepared<br>09/11/02 | |
| 9. Other Officers: | | | | |
| 10. Report Re: Sentencing of Johnny Lee BULLOCK ██████████ | | | | |

## DETAILS

1. Reference should be made to all previous DEA 6 Reports of Investigation under this File Title and File Number.

2. On 09/10/02, Johnny Lee BULLOCK ██████████ appeared for sentencing in United States District Court at London, KY. BULLOCK was sentenced to 235 months incarceration and five years supervised release. ██████████ BULLOCK were remanded to the custody of the U.S. Marshall's Service.

## INDEXING

1. BULLOCK, Johnny Lee-NADDIS 5100145

| 11. Distribution:<br>Division HQ, DO, SARI | 12. Signature (Agent) | 13. Date<br>09-11-<br>2002 |
|---|---|---|
| District | ██████████ | 15. Date<br>09-13-<br>2002 |
| Other | Resident Agent in Charge | |

| | | |
|---|---|---|
| DEA Form - 6<br>(Jul. 1996) | **DEA SENSITIVE**<br>Drug Enforcement Administration | |

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code HID-100 | 2. Cross File    Related Files | 3. File No. BA-01-0004 | |
|---|---|---|---|
| At: London, KY RO | ☒ BA-01-0001 ☐ ☐ ☐ | 6. File Title BULLOCH, Johnny Lee | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | ☐ | 8. Date Prepared 10/08/02 | |

9. Other Officers:

10. Report Re: N/C
Case closure

## DETAILS

1.   Reference should be made to all previous DEA 6 Reports of
     Investigation under this File Title and File Number.

2.   All administrative and judicial procedures have been completed in this
     investigation.  This case is closed with the concurrence of

## INDEXING

1.   BULLOCH, Johnny Lee-NADDIS 5100145

| 11. Distribution: Division HQ, DO, SARI | 12. Signature (Agent) | 13. Date 10-08-02 |
|---|---|---|
| District | | 15. Date 10-08-02 |
| Other | Resident Agent in Charge | |

| DEA Form    - 6 (Jul. 1996) | DEA SENSITIVE Drug Enforcement Administration | |
|---|---|---|

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U. S. Department of Justice
Drug Enforcement Administration

# PERSONAL HISTORY REPORT

| 1. File Title | 2. File Number | 3. Program Code |
|---|---|---|
| BULLOCK, Johnny Lee | BA-01-0004 | HID-100 |
| | 4. Group No.  5. G-DEP ID | 6. Date Prepared |
| | | 01/29/01 |

**7.   PURPOSE OF SUBMISSION:**  ☐ G-DEP DESCRIPTION   ☒ ARREST   ☐ FUGITIVE DECLARATION

| 8. Subject Name (Last, First, Middle) | 9. Date of Birth (MM/DD/YY) |
|---|---|
| BULLOCK, Johnny Lee | 05/23/1947 |

| 10. Alias Name | 11. Alternate Date of Birth |
|---|---|
| N/A | N/A |

| 12. NADDIS No. | 13. FBI No. | 14. Social Security No. | 15. Misc. Numbers (e.g., TECS; DRUG-X; Registrant; CSS No., etc.) |
|---|---|---|---|
| Pending | 181419H | 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 | USMS NBR 07890032 |

| 16. Place of Birth (City, State/Country) | 17. Citizenship (Country) | 18. Alien Status |
|---|---|---|
| KY | U.S. | ☐ Illegal  ☐ Legal (Alien Registration No.) |

| 19. Race | 20. Ethnicity | 21. Sex | 22. Color Hair | 23. Height |
|---|---|---|---|---|
| ☐ Black  ☐ Asian-Pacific Islander  ☒ White  ☐ Native American  ☐ Unknown | ☐ Hispanic  ☒ Non-Hispanic  ☐ Unknown | ☒ Male  ☐ Female | brown | 5'  10" |
| | | | 24. Color Eyes | 25. Weight |
| | | | blue | 135 lbs. |

| 26. Address (No., Street, Unit, City, State/Country, Zip Code) | 27. Identifying Characteristics (Scars, tattoos, marks, physical defects, etc.) |
|---|---|
| Sowder School Road  Mt. Vernon, Kentucky | Rose on left forearm, woman on upper left arm, feather on right arm, cross on chest |

| 28. Telephone Number (Include Area Code)  N/A |
|---|

| 29. Occupation | 30. Employer Name and Address |
|---|---|
| N/A | N/A |

| 31. Employer Telephone Number (Include Area Code)  N/A |
|---|

| 32. Passport No. | 33. Issue Date | 34. Issuing Country | 35. Expiration Date | 36. Name on Passport |
|---|---|---|---|---|
| N/A | | | | |

| 37. Driver's License No. | 38. Issuing State/Country | 39. Expiration Date | 40. Name on License |
|---|---|---|---|
| revoked | Kentucky | | |

| 41a. FAMILY INFORMATION (Last, First, Middle Name) | b. Age | c. Address (No. Street, Unit, City, State/Country)  & Phone No. |
|---|---|---|
| **Father** | | |
| **Mother** | | |
| Bullock, Hazel  ☐ Spouse  ☐ Companion  ☐ Paramour | | Floyd Street  Mt. Vernon, KY. |
| **Children** | | |
| | | |
| **Other Relatives**          (Relationship) | | Rt. 1 |
| Sowders, Betty          Sister | | Mt. Vernon, KY. |
| Bullock, James          Brother | | Sand Springs Road  Mt. Vernon, KY. |

| 42a. Source of Supply  (Name) | 43a. Criminal Associates (Use Remarks Section to Add Other Names) | 43b. NADDIS Nos. |
|---|---|---|

**I. G-DEP DESCRIPTION** (Complete for all G-DEP and Arrest Submissions.)  Agents  Manual 622

| 44. Submission: | 45. Subject's Principal Criminal Activity | 46. Subject's Principal Controlled Substance / Commodity |
|---|---|---|
| ☐ Initial  ☒ Supplemental | Use Letter Code:        N  (See Agents Manual) | Use Letter-Number Code:  (See Agents Manual) |

DEA Form  - 202
(Jul. 1996)          Previous edition dated 9/95 may be used until supply is exhausted.

U.S. Department of Justice
Drug Enforcement Administration

# DEFENDANT DISPOSITION REPORT

**This form MUST be completed with typewriter. Read instructions on reverse before completing.**

| 1. SUBMISSION | 2. GROUP NO. | 3. PROGRAM CODE | 4. FILE NUMBER | 5. CASE G-DEP IDENTIFIER |
|---|---|---|---|---|
| [x] Original  [ ] Revised | | HID-100 | BA-01-0004 | |

| 6. FILE TITLE | 7. DEFENDANT'S NAME (Last, First, Middle) |
|---|---|
| BULLOCK, Johnny Lee | BULLOCK, Johnny Lee |

| 8. NAME ON ARREST DEA-202 (Only if different from Item 7) | 9. NADDIS NUMBER |
|---|---|
| | 5100145 |

## PROSECUTION DATA

| 11. JURISDICTION | 12. PLEA BARGAINING INVOLVED | 13. PRIOR DRUG CONVICTION |
|---|---|---|
| [x] Federal  [ ] State | [ ] Yes  [x] No | [ ] Federal  [ ] State  [ ] Both  [x] None |

**14. DISPOSITION (Must be completed in all instances)**

DATE OF DISPOSITION 09-10-2002

| | | |
|---|---|---|
| S | [ ] | STATE FUGITIVE (See 6232) |
| A | [ ] | POST-CONVICTION FUGITIVE (See 6232) |
| 8 | [ ] | DECLINED (Complete Item 15) |
| 6 | [ ] | ACQUITTED (Go to Item 16) |
| 7 | [ ] | DISMISSED (Complete Item 15) |

**IF CONVICTED** — TERM/FINE

| | | | |
|---|---|---|---|
| 1 | [x] | PRISON | 235 Mos. |
| 2 | [x] | PROBATION | 60 Mos. |
| 5 | [ ] | FINE | $ |
| 9 | [ ] | SUSPENDED | Mos. |
| 0 | [ ] | SPECIAL PAROLE | Mos. |

**15. REASON DISMISSED OR DECLINED**

| | | |
|---|---|---|
| 1 | [ ] | DUE PROCESS ISSUES |
| 2 | [ ] | INSUFFICIENT EVIDENCE |
| 3 | [ ] | UNEXTRADICTABLE FUGITIVE |
| 4 | [ ] | PROTECT INFORMANT |
| 5 | [ ] | SPEEDY TRIAL ACT |
| 6 | [ ] | DECEASED |
| 10 | [ ] | COMBINED IN OTHER CASE |
| 11 | [ ] | REFERRED FOR OTHER PROSECUTION |
| 7 | [ ] | OTHER (Explain in Remarks) |

## FBI NCIC DATA

| 16. NAME (As Appears on FD-249) | 17. NAME, ADDRESS, ORI NUMBER OF FD-249 CONTRIBUTOR |
|---|---|
| Bullock, Johnny Lee | KYDEA0300 |

| 18. DATE OF BIRTH | 19. FBI NUMBER | 20. DATE OF ARREST |
|---|---|---|
| | 181419H | 01-23-2001 |

**21. CHARGES AS REPORTED ON FD-249**

| | | DRUG TYPE | C | A | D |
|---|---|---|---|---|---|
| E | CCE | | | | |
| R | RICO | | | | |
| M | Manufacture | | | | |
| I | Importation | | | | |
| C | [x] Conspiracy | methamphetamine | x | | |
| D | Distribution | | | | |
| G | [x] Possession with Intent | methamphetamine | x | | |
| P | Possession (Simple) | | | | |
| O | Other | | | | |

**22. NEW CHARGES NOT PREVIOUSLY REPORTED ON FD-249**

| | | DRUG TYPE | C | A | D |
|---|---|---|---|---|---|
| E | CCE | | | | |
| R | RICO | | | | |
| M | Manufacture | | | | |
| I | Importation | | | | |
| C | Conspiracy | | | | |
| D | Distribution | | | | |
| G | Possession with Intent | | | | |
| P | Possession (Simple) | | | | |
| O | Other | | | | |

\* Check "C" for Convicted, "A" for Acquitted, or "D" for Dismissed

### 23. REMARKS

Johnny Lee BULLOCK was sentenced to 235 months incarceration and five years supervised release. BULLOCK was remanded to the custody of the U.S. Marshall's Service.

| 24. AGENT (Signature and Date) | 25. SUPERVISOR (Signature and Date) |
|---|---|
| | |

DEA Form - 210
(Jan. 1997)     Previous editions dated 7/96 may be used until stock is exhausted.     1 – Originating Office

## II. ARREST (Complete for all Arrest Submissions)

| 47. Type of Arrest | 48. Date of Arrest | 49. PLACE OF ARREST | | |
|---|---|---|---|---|
| [X] Probable Cause | | a. City | b. County | c. State or Country |
| [ ] Warrant | 01/23/01 | | | |
| [ ] Fugitive | | Mt. Vernon | Rockcastle | Kentucky |

| 50. Armed at Arrest | 51. If Armed (Enter Number of Weapons by Type) | | | | | | 52. Type of Violation Charged? (Possession, Sale, Conspiracy, etc.) |
|---|---|---|---|---|---|---|---|
| [ ] Yes | TYPE | Handgun | Shotgun | Rifle | Lethal Cutting Instrument | Other Weapon | Conspiracy |
| | Semi-Auto | | | | | | 53. Major Drug Charged? (Heroin, cocaine, etc.) |
| [x] No | Full Auto | | | | | | |
| | Other | | | | | | Methamphetamine |

## III. FUGITIVE DECLARATION (Complete if Defendant Not Arrested within 48 hours of the issuance of the Arrest Warrant.)

| 54. Type of Declaration | 55. Apprehension Responsibility | 56. NCIC Number | 57. USMS Office Holding Warrant (City & State) |
|---|---|---|---|
| [ ] Original DEA Arrest Warrant | [ ] DEA | | |
| [ ] Post Arraignment (Failure to Appear; Bond Default) | [ ] USMS (Date Delegated) : ___/___/___ | 58. Court Docket Number | 59. Name of Judge or Magistrate |

| 60. Date & Judicial District of Issue | 61. DEA Agent Contact (Name and Phone Number with Area Code) |
|---|---|
| | |

| 62. Type of Violation Charged (possession, sale, etc.) | 63. U.S. Code (Title & Section) | 64. Armed at Arrest | 65. Should be considered armed & dangerous |
|---|---|---|---|
| | | [ ] Yes  [ ] No | [ ] Yes  [ ] No |

| 66. Basis for Other Caution (state basis) |
|---|
| |

## 67. REMARKS

Johnny Lee BULLOCK was arrested on 01/23/01 in Rockcastle County, Kentucky, for conspiracy to possess Methamphetamine with intent to distribute. BULLOCK has prior convictions for assault and escape.

EPIC checked on 01/29/01 with negative results.

| 68. Agent/Officer Name (Print or type) | 69. Signature | 70. Date |
|---|---|---|
| | | 01/29/01 |
| 71. Co-Agent/Officer Name (Print or type) | 72. Signature | 73. Date |
| | | |
| 74. Supervisor (Print or type) | 75. Signature | 76. Date |
| | | 01/29/01 |

E  X  H  I  B  I  T    M

February 9, 2007 Appeal of Witholding No. 05-1301-P
NEVER RESPONDED TO BY DEA

Johnny L. Bullock #07890-032
US Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635

February 9, 2007

RE: APPEAL OF RELEASE OF FIVE DOCUMENTS PER 5 U.S.C. §552a(j)(2)&(b)(2),
(b)(7)(C) & (b)(7)(F) IN CASE NO. 05-1301-P

Department of Justice
Office of Information and Privacy
NYAV Building, 11th Floor
Washington, D.C. 20530

Dear Reviewer,

I am in receipt of the Drug Enforcement Administration January
16, 2007 letter and documents pertaining to my Freedom of Information
and Privacy Act Request per 5 U.S.C. §552 and 5 U.S.C. §552a. Five
documents were withheld in their totality, with ten documents being
released with heavy redaction. I am appealing the witholding of the
five documents as set forth below.

## I. HISTORY

This is a Remanded Case from a previous appeal of the denial of
my request to proceed in forma pauperis. Your agency reversed that
decision and remanded this action to the Drug Enforcement Agency (DEA)
for further proceedings.  The DEA released ten documents which were
heavily redacted and witheld five documents per 5 U.S.C. 552 & 552a.
Quite ironic the US Attorney already released copies of the five
documents which are being witheld. **Exhibit 1-5.** There were no redac-
tions at all on the released documents. If the United States Attorney
did not feel these documents  did not relate to the internal rules
and practices of the DEA,  interfere with anyones privacy or merit
exemption hindering investigative efforts, why would the DEA refuse
to submit them for these purposes?
Attached as **EXHIBIT 6-7** are the  1/24/01 "REPORT OF INVESTIGATION"
released to counsel by the US Attorney, compared to the redacted copy
released to me by the DEA as part of the 10 pages of redacted copies.
Again, why would the DEA refuse to release the information that was
redacted, when it was previously released by the US Attorney to my
attorney? I am not appealing the redacted version, merely using this
document as an example of the complete arbitrary and capricious
of redaction.

1.

0: 1013

FILED

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## EFFECT OF PREVIOUS DISCLOSURE

The United States Supreme Court has ruled that while the Freedom of Information Act maintains nine exemptions, said exemptions must be narrowly construed. **United States Department of Justice v. Julian, 486 US 1, 108 S. Ct 1606 (1988).**

It has been the rule that once a document has been disclosed, it cannot regain it's cloak of confidentiality. **Copper v. Internal Revnue Service, 450 F. Supp 752 (D.C. 1977); Nishnic v. United States Department of Justice, 671 F. Supp 776 (D.C. 1987).** When the United States Attorney released the documents in question, to counsel for the defendant, in trial of this action, he waived his right to ever argue confidentiality of these documents. A review of the documents illustrates that they contain names of witnesses and agents who testified in the trial in this action, thus there are no privacy violations, nor do the documents disclose any secret interal operation procedures. Thus, the agency is cloaking the refusal to release the documents with non existant reasons to hold exemptable, and they must release these documents in totality.

## THE DISCLOSURE OF THE RECORDS WOULD NOT VIOLATE ANY LISTED EXEMPTION

As stated above, the documents have already been released **in their entirety** by the United States Attorney, and are attached as **Exhibits 1-7.** Thus, there is no legitimate reason to refuse to release them. The exhibits attached have some whited out parts from previous useage by the claimant, but not by the government, thus have no bearing on the case at hand.

The claimant is not required to argue against the remaining factors listed by the agency for witholding, since the sole issue of the documents already being released resolves the issue. This factor alone negates and reason to withold the documents, and they must be released, in their totality.

Respectfully submitted,

Johnny L. Bullock#07890-032
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

CLAIMANT IN PROPRIA PERSONA

**E X H I B I T     1 – 5**

Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION | | | Page 1 of 3 |
|---|---|---|---|

| 1. Program Code HID-100 | 2. Cross File ☒ | Related Files BA-01-0001 ☐ ☐ ☐ | 3. File No. BA-01-0004 | 4. G-DEP Identifier ▮▮▮▮ |
|---|---|---|---|---|
| 5. By: SA Jerel Hughes At London, KY RO | | | 6. File Title BULLOCK, Johnny Lee | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | | | 8. Date Prepared 12/08/00 | |

9. Other Officers: TFO Alan Lewis, FBI SA Tim Briggs, KSP Det. Sgt. Rob Massie, KSP Det. Thomas McKnight, Laurel County Chief Deputy Buddy Blair.

10. Report Re: Acquisition of Information Only Exhibit 1 on 12/07/00 from Johnny Lee BULLOCK.

DETAILS

1.  Reference should be made to all previous DEA 6 reports of Investigation under this File Title and File Number.

2.  On 12/07/00, SA Jerel Hughes, TFO Alan Lewis, FBI SA Tim Briggs, KSP Det. Sgt. Rob Massie, KSP Det. Thomas McKnight, and Laurel County Sheriff's Department Chief Deputy Buddy Blair met a KSP/FBI/LCSD Confidential Source at a predesignated location in Laurel County, Kentucky to finalize plans for the CS to make a purchase of Methamphetamine from Johnny Lee BULLOCK.

3.  CS advised he/she has purchased ___ from BULLOCK on more than 30 separate occasions. CS further advised BULLOCK refers to meth as "stuff" and keeps a quantity of it in his pocket to sell.

4.  At approximately 12:41 p.m., the CS departed the meet site in route to the BULLOCK residence driven by KSP Det. Thomas McKnight, acting in an undercover capacity. At approximately 1:18 p.m., Det. McKnight equipped the CS with audio recording equipment and gave the CS $500.00 KSP Official Funds in order to purchase methamphetamine from BULLOCK. The aforementioned Agents maintained visual surveillance on the UC/CS until approximately 1:24 p.m., when the UC/CS turned into the drive of the BULLOCK residence. At approximately 1:35 p.m., the UC/CS emerged from the drive of the BULLOCK residence and were surveilled to a

| 11. Distribution: Division HQ, DO, SARI | 12. Signature (Agent) SA Jerel Hughes | 13. Date 12/08/00 |
|---|---|---|
| District | 14. Approved (Name and Title) Jerry Carmack A/RAC | 15. Date |
| Other | | |

EA Form - 6
(Jul. 1995)

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

Department of Justice
..ug Enforcement Administration

| REPORT OF INVESTIGATION *(Continuation)* | 1. File No.  BA-01-0004 | 2. G-DEP Identifier |
| | 3. File Title BULLOCK, Johnny Lee | |

4.
Page **2** of **3**

| 5. Program Code  HID-100 | 6. Date Prepared  12/08/00 |

prearranged meet site. Det. McKnight obtained one clear plastic baggie containing approximately ¼ ounce of meth from the CS at approximately 1:37 p.m.

5. At approximately 1:49 p.m., the UC/CS and aforementioned Agents arrived at a prearranged location. TFO Alan Lewis obtained the audio recording equipment and approximately ¼ ounce of suspected meth from Det. McKnight.

6. The CS stated he/she purchased ¼ ounce of meth from Johnny Lee BULLOCK for $500.00. CS advised, upon arrival at the BULLOCK residence, James ISAACS came to the door. CS asked ISAACS if Johnny (BULLOCK) had any "stuff". ISAACS went into the residence and then emerged and indicated for the CS to come inside. CS stated he/she entered the residence and negotiated the price with BULLOCK of ¼ ounce of meth, agreeing on $500.00. CS advised BULLOCK retrieved a bagggie from the kitchen and then sat on the couch and weighed out the meth. CS stated he/she counted out $500.00 to BULLOCK in exchange for the meth, which he placed in his pocket. CS advised Freddy DENNY and James ISAACS were smoking meth in the residence and that Melissa and Sonya Milburn were present.

## CUSTODY OF EVIDENCE

### DRUG EVIDENCE

1. Information Only Exhibit 1 is approximately ¼ ounce (6.9 grams) of methamphetamine that was purchased by a KSP/FBI/LCSD CS from Johnny Lee BULLOCK on 12/07/00. Information Only Exhibit 1 was taken into and will remain in the custody of the Kentucky State Police.

### NON-DRUG EVIDENCE

1. Any and all non-drug evidence (video/audio tapes, etc.) was taken into and will remain the custody of the Kentucky State Police.

EA Form     - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

Case: 07-cv-01013-ESH
g Enforcement Administration

## REPORT OF INVESTIGATION
Page 1 of 3

| 1. Program Code HID-100 | 2. Cross File | Related Files | 3. File No. BA-01-0004 | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: TFO Alan Lewis<br>At: London, KY RO | ☒ | BA-01-0001 | 6. File Title BULLOCK, Johnny Lee | |
| 7. ☐ Closed ☐ Requested Action Completed<br>☐ Action Requested By: | ☐<br>☐<br>☐ | | 8. Date Prepared 01/17/01 | |

9. Other Officers: FBI SA Tim Briggs, KSP Det. Thomas McKnight, Laurel County Dep. Buddy Blair

10. Report Re: Acquisition of Information Only Exhibit 2 on 1/16/01 from Johnny Lee BULLOCK.

### SYNOPSIS

On 01/16/01, a FBI/KSP/LCSD Confidential Source, at the direction of law enforcement, purchased approximately ½ ounce of methamphetamine from Johnny Lee BULLOCK..

### DETAILS

1.  Reference should be made to all previous DEA 6 Reports of Investigation under this File Title and File Number.

..  On 1/16/01, TFO Alan Lewis, FBI SA Tim Briggs, KSP Det. Thomas McKnight, and Laurel County Sheriff's Department Chief Deputy Buddy Blair met a KSP/FBI/LCSD Confidential Source at a predesignated location in Rockcastle County, Kentucky to finalize plans for the CS to make a purchase of methamphetamine from Johnny Lee BULLOCK.

3.  The CS advised Law Enforcement Officers BULLOCK had ½ ounce of Methamphetamine for him/her (CS)and wanted           . The CS was given $925.00 in KSP official funds to purchase the methamphetamine from BULLOCK. The CS was searched by TFO Lewis at           , prior to departing with Det. McKnight who was acting in an undercover capacity as a driver. SA Briggs equipped the CS with a audio recorder prior to Det. McKnight and the CS departing the meet site. Departure for the BULLOCK residence was at 12:44 p.m. with aforementioned Agents maintaining a visual surveillance on the UC/CS until the UC/CS turned
                    At 1:04 p.m. the UC/CS departed the BULLOCK

| 11. Distribution:<br>Division HQ, DO, SARI | 12. Signature (Agent)<br>TFO Alan Lewis | 13. Date 1/18/01 |
|---|---|---|
| District: | 14. Approved (Name and Title)<br>Jerry Carmack<br>A/RAC | 15. Date |
| Other | | |

EA Form  - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

J-194

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION<br>*(Continuation)* | 1. File No.<br>BA-01-0004 | 2. G-DEP Identifier |
|---|---|---|
| | 3. File Title BULLOCK, Johnny Lee | |
| 4.<br>Page 2 of 3 | | |
| 5. Program Code<br>HID-100 | 6. Date Prepared<br>01/17/01 | |

residence and Det. McKnight recovered a
approximately ½ ounce of methamphetamine from the CS.

4. At 1:06 p.m. Det. McKnight searched the CS and deactivated the audio
recorder at 1:09 p.m. The UC/CS arrived at a prearranged meet site
with Det. McKnight turning over the suspected methamphetamine to TFO
Lewis and the audio recording to SA Briggs.

5. The CS stated he/she had purchased the ½ ounce of suspected
methamphetamine from Johnny BULLOCK for $925.00. CS advised upon
arrival J   BULLOCK, Vernon DENNY,
white males were inside the residence. James ISSACS was observed
outside the residence. The CS asked BULLOCK if he had what he/she
needed. BULLOCK went outside and returned with a bag of suspected
methamphetamine in his hand. BULLOCK then removed part of the contents
from the bag and weighed it on a set of black digital scales on the
floor in front of the couch. BULLOCK then placed the suspected
methamphetamine in a
the CS. The CS then returned to the vehicle which Det. McKnight
occupied and turned over the suspected methamphetamine and audio
recorder to Det. McKnight.

6. Det. McKnight stated that he had observed BULLOCK exit the residence
and obtain a bag from a junked vehicle. BULLOCK then returned to the
inside of the residence.

## CUSTODY OF EVIDENCE

DRUG EVIDENCE

1. Information Only Exhibit #2 is 13.783 grams of methamphetamine that
was purchased by a KSP/FBI/LCSD CS from Johnny Lee BULLOCK on 1/16/01.
Information Only Exhibit #2 was taken into and will remain in the
custody of the Kentucky State Police.

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

J-195

. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION | 1. File No.<br>BA-01-0004 | 2. G-DEP Identifier |
|---|---|---|
| (Continuation) | 3. File Title BULLOCK, Johnny Lee | |

| 4.<br>Page 3 of 3 | |
|---|---|
| 5. Program Code<br>HID-100 | 6. Date Prepared<br>. 01/17/01 |

## NON-DRUG EVIDENCE

1. Any and all non-drug evidence (video/audio tapes, etc.) was taken into
   and will remain in the custody of the FBI.

## INDEXING

1. BULLOCK, Johnny Lee                           NADDIS ███████

                                                 NADDIS ██████
                                            is time.

3. ISSACS, James                                 NADDIS ██████
   W/M, 5' 07", 150 lbs., gray hair/beard

                                                 NADDIS ████████

                                                 NADDIS ████████
                                     this time.

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

E X H I B I T  6 --7

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code HID-100 | 2. Cross File | Related Files | 3. File No. BA-01-0004 | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: SA Jerel Hughes At: London, KY  RO | ☒ BA-01-0001 ☐ ☐ ☐ ☐ | | 6. File Title BULLOCK, Johnny Lee | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | | | 8. Date Prepared 01/24/01 | |

9. Other Officers: See paragraph 4 for other offficers.

10. Report Re: Acquisition of Information Only Exhibit 3 and arrest of Johnny Lee BULLOCK on 01/23/01, in Rockcastle County, Kentucky.

DETAILS
‾‾‾‾‾‾‾

1.  Reference should be made to all previous DEA 6 Reports of Investigation under this File Title and File Number.

2.  On 01/23/01, at approximately 11:05 a.m., Agents of the DEA London Resident Office, FBI London, ATF London, and the Kentucky State Police executed two Federal Search Warrants at the residences of Johnny Lee BULLOCK on Sowder School Road in Rockcastle County, Kentucky. Johnny Lee BULLOCK, Farley NEWCOMB Jr., Farlin K. BOSHERS, and Scottie L. MCGUIRE were present when these warrants were executed.

3.  A search of the residences revealed approximately 1 ounce of suspected methamphetamine (Information Only Exhibit 3). Johnny Lee BULLOCK was subsequently arrested and lodged in the Laurel County Detention Center. For further details see FBI 302 written by SA Tim Briggs that has been made a part of this case file.

4.  Other Officers: A/RAC Jerry Carmack, TFO Alan Lewis, SA Jack Sparks, SA Tim Briggs, SA Larry Brock, KSP Det. Sgt. Rob Massie, KSP Det. Thomas McKnight, Laurel County Chief Deputy Buddy Blair.

| 11. Distribution: Division HQ, DO, SARI  District  Other | 12. Signature (Agent)  SA Jerel Hughes | 13. Date 1/24/01 . |
|---|---|---|
| | 14. Approved (Name and Title)  Jerry Carmack  A/RAC | 15. Date |

Form      - 6
J. 1996)

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

| | 1. File No.<br>BA-01-0004 | 2. G-DEP Identifier |
|---|---|---|
| **REPORT OF INVESTIGATION**<br>*(Continuation)* | 3. File Title BULLOCK, Johnny Lee | |
| 4.<br>Page 2 of 2 | | |
| 5. Program Code<br>HID-100 | 6. Date Prepared<br>01/24/01 | |

## CUSTODY OF EVIDENCE

### DRUG EVIDENCE

1. Information Only Exhibit 3 is approximately 1 ounce of suspected methamphetamine seized from the residence of Johnny Lee BULLOCK on 01/23/01, in Rockcastle County, Kentucky. Information Only Exhibit 3 was taken into and will remain in the custody of the Kentucky State Police.

### NON-DRUG EVIDENCE

1. Any and all non-drug evidence was taken into and will remain in the custody of SA Tim Briggs of the FBI London, KY office.

### IDEXING

1. BULLOCK, Johnny Lee                    NADDIS ▮▮▮▮▮

2. NEWCOMB, Farley Jr.                    NADDIS ▮▮▮▮▮
W/M, 6'01", 200 lbs., black hair, brown eyes, DOB 05/26/78, address at Rt. 2 Box 344, Livingston, Kentucky, SS# 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, KY ID# ID480021.

3. BOSHERS, Farlin K.                     NADDIS ▮▮▮▮▮
W/M, 5'10", 170 lbs., brown hair, blue eyes, DOB 03/07/56, address at Rt. 2 Box 366, Livingston, Kentucky, SS# 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, KY OL# B93-353-364.

4. MCGUIRE, Scottie L.                    NADDIS ▮▮▮▮▮
W/M, 5'07", 175 lbs., brown hair, green eyes, DOB 03/26/74, address at Box 90, Sand Gap, Kentucky, SS# 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.

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.