UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY LEE BULLOCK          )  | |
|           ) | |
|     Plaintiff,          ) | |
|           ) | |
| v.          ) | Civil Action No. 07-1013 (ESH) |
|           ) | |
| FEDERAL BUREAU OF INVESTIGATION,   ) | |
|     et al.          ) | |
|           ) | |
|     Defendants.          ) | |

## DEFENDANTS' FIFTH MOTION FOR ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Federal Bureau of Investigations ("FBI"), Drug Enforcement Agency ("DEA") and Office of Information and Privacy, by counsel, respectfully move for an additional thirty day extension of time, to and including February 16, 2008, within which to respond to Plaintiff's Complaint. Defendants' response to the Complaint is due on January 18, 2008. This is Defendants' fifth request for an enlargement of time for this purpose. Defendants did not obtain the position of Plaintiff *pro se*, because he is incarcerated in a Federal Prison.

For cause, Defendants state as follows:

1. As stated in the attached declaration by David M. Hardy, Section Chief of the Record/Information Dissemination Section, Records Management Division at Defendant FBI Headquarters, this Defendant presently is processing an audio recording that it determined within the past week may be responsive to Plaintiff's FOIA request. Exhibit 1, Declaration of David M. Hardy at paragraphs 8 and 9.

2. Declarant Hardy explains in his declaration that after processing numerous documents responsive to plaintiff's request, many of which have since been turned over to plaintiff,

Defendant FBI became aware of plaintiff's request for audio recordings. Defendant is working diligently to determine whether the recording at issue is responsive, and if so, will immediately provide it to plaintiff. Id. at paragraph 8.

3. As indicated in earlier motions, defendants have been working diligently to respond to plaintiff's complaint. In fact, because all other defendants have prepared the declarations and Vaughn indices relevant to plaintiff's Complaint, Defendant FBI's processing of this recently discovered audio recording will allow Defendants to file a single dispositive motion responsive to plaintiff's complaint.

4. Allowing Defendant FBI time to process the aforementioned audio recording, and thus giving defendants the opportunity to file a single dispositive motion responsive to the Complaint in this case would be in the interests of judicial economy.

For the foregoing reasons, Defendants respectfully requests that this motion for an enlargement of time be granted.[1]

Dated: January 16, 2008

Respectfully submitted,

\_\_\_/s\_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

[1] Pursuant to the Court's Local Rule 7.1(c), a proposed order consistent with this motion is attached herewith.

   /s/_____
ALEXANDER D. SHOAIBI,
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

I hereby certify that on this **16TH** day of January, 2008, I caused the foregoing **Defendants' Fifth Motion for Enlargement of Time** to be served on plaintiff pro se postage prepaid, addressed as follows:

>Johnny L. Bullock
>#07890-032
>USP-McCreary
>P.O. Box 3000
>Pine Knot, KY 42635


        /s/
ALEXANDER D. SHOAIBI
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHNNY LEE BULLOCK** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 07-1013 (ESH) |
| ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** ) | |
| <u>et al.</u> ) | |
| ) | |
| **Defendants.** | |

## ORDER

**UPON CONSIDERATION** of Defendants' Fifth Motion for Enlargement of Time, it is hereby **ORDERED** that the motion is **GRANTED**. Defendants shall respond to Plaintiff's Complaint on or before February 16, 2008.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY LEE BULLOCK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>  JUSTICE (FBI), et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 07-CV-1013(ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 208 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests

for access to the FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's treatment of the July 8, 2005 and August 7, 2006 FOIA/Privacy Act requests of plaintiff Johnny Lee Bullock, which seek access to records concerning himself at FBIHQ and the FBI's Louisville Field Office ("LSFO").

(4) As directed by the court on December 20, 2007, the FBI has been working diligently to complete its review and assertion of applicable FOIA exemptions in a Vaughn declaration in support of a dispositive motion. This status declaration is submitted as a result of recent developments which have come to light as the FBI has continued to work towards the court-imposed deadline of January 18, 2008.

(5) As of this date, the FBI has identified the following material responsive to plaintiff's request: (1) thirty-seven (37) pages in two FBIHQ files; this material was released to plaintiff on or about November 3, 2005; (2) approximately 252 pages in a main LSFO file which is being withheld pursuant to Exemption 7(A); the public source material from LSFO was released to plaintiff on or about September 26, 2007.

## THE FBI'S CENTRAL RECORDS SYSTEM ("CRS")

(6) The FBI's Central Records System ("CRS") enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records consist of administrative, applicant, criminal, personnel and other files compiled for law enforcement purposes. The CRS is primarily designed to serve as an investigative tool. The FBI searches the CRS for documents that are potentially responsive to FOIA/Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS"). The ACS was implemented in order to consolidate portions of the CRS that were previously automated. ACS can be described as an internal computerized subsystem of the CRS. Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched.

## SURVEILLANCE ("ELSUR") INDICES

(7) The Electronic Surveillance ("ELSUR") indices are published as a separate records system in the Federal Register because not all names contained in the ELSUR index can be retrieved through the General Index and CRS (See 52 Fed. Reg. 8482 (1992).[1] The ELSUR indices are used to maintain information on a subject whose electronic and/or voice communications have been intercepted as the result of a consensual electronic surveillance or a court-ordered (and/or sought) electronic surveillance conducted by the FBI.

(8) On January 10, 2008, while reviewing the draft Vaughn declaration in preparation

---

[1] The normal search for records in response to a FOIA/Privacy Act request is done in ACS. An ELSUR search is only conducted when specifically requested by a FOIA/Privacy Act requester.

3

for a dispositive motion with the anticipated filing date of January 18, 2008, we determined that plaintiff had in fact, requested an electronic surveillance ("ELSUR") search in his FOIA/Privacy Act request dated August 1, 2006. Specifically, plaintiff requested "...any and all audio recording's." This request had been overlooked at the administrative stage including on appeal, wherein DOJ affirmed our actions on or about April 30, 2007. (**See Exhibit A.**)  As soon as we discovered this omission, we conducted an ELSUR search on or about January 10, 2008, with one positive result. Immediately upon discovery of this additional material, RIDS personnel contacted the LSFO and requested that a copy of the ELSUR tape be sent to FBIHQ forthwith for review and processing.

(9)    The FBI regrets that this search was not conducted earlier; however, we are committed to a thorough and accurate search for responsive records. Because no transcript of the audio recording exists, FBI technical personnel will, after receiving it from the LSFO, have to first listen to it and determine if it is responsive i.e., does plaintiff in fact appear on the recording. If it is deemed responsive, a copy of the tape will be made and processed for possible release to plaintiff. At this time, the FBI is unable to provide a good-faith estimate of how long this process will take. As soon as we are able to project a completion date, the FBI will provide it to the court and plaintiff. This estimate will include the time required to make a release determination with regard to the newly-discovered ELSUR material and to complete a full and accurate Vaughn declaration to include all responsive records. In the event that the FBI determines that the ELSUR result is responsive, we will provide status reports to the court every two weeks from the date of any extension the court may grant.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibit A attached hereto is a true and correct copy.

Executed this 14th day of January, 2008.

DAVID M. HARDY
Section Chief
Records/Information Dissemination Section
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY LEE BULLOCK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-CV-1013(ESH) |
| UNITED STATES DEPARTMENT OF JUSTICE (FBI), et al., | ) |
| Defendants. | ) |

# EXHIBIT A



U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

APR 3 0 2007

Mr. Johnny Lee Bullock
Register No. 07890-032
United States Penitentiary          Re:   Appeal No. 07-0551
Post Office Box 3000                      Request No. 1056345
Pine Knot, KY 42635-3000                  ADW:TEH

Dear Mr. Bullock:

    You appealed from the action of the Louisville Field Office of the Federal Bureau of Investigation on your request for access to records pertaining to yourself.

    After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI properly withheld this information because it is protected from disclosure under the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director