**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOHNNY LEE BULLOCK, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-1013 (ESH) |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff has filed a *pro se*[1] suit against the Federal Bureau of Investigation ("FBI") and the Drug Enforcement Administration ("DEA") seeking information related to his criminal case pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Defendants are withholding an audio tape under FOIA Exemptions 6, 7(A), 7(C) and 7(D), and DEA reports under Exemptions 2, 7(C), 7(D) and 7(F). Plaintiff argues that defendants cannot rely on these FOIA exemptions because the information has already entered the public domain, and the identity of the confidential source mentioned in the materials is no longer a secret. The Court finds that the DEA-6 reports have been properly withheld, but it reserves judgment on the audio tape until defendants provide additional information regarding the tape which is being withheld.

**BACKGROUND**

Starting in July 2005, plaintiff requested information relating to his criminal case from the FBI, DEA, U.S. Marshals Service ("USMS") and the Executive Office of U.S. Attorneys

---

[1]The Court acknowledges that, as a *pro se* litigant, plaintiff's filings should be construed liberally. *See Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 374 (D.C. Cir. 2000).

("EOUSA"). (Compl. at ¶¶ 5, 16.) Plaintiff subsequently narrowed his request to exclude the USMS and EOUSA as parties, as well as several categories of files. (Pl.'s Cross Mot. at 1.) Plaintiff now seeks information in a single file, 245-LS-64574, and the only items at issue are five pages of DEA Reports of Investigation ("DEA-6") and an audio tape. (Pl.'s Cross Mot. at 1-3.)

The audio tape that plaintiff seeks is connected to his criminal trial. In July 2001, plaintiff and nine others were charged in a twenty-four count superseding indictment involving methamphetamine manufacturing and trafficking. *See United States v. Bullock*, No. 02-5854, 2005 WL 820909, at *1 (6th Cir. Apr. 11, 2005). During discovery, the government produced two audio tapes of drug transactions that occurred on December 7, 2000, and January 16, 2001. (Pl.'s Cross Mot., Exh. A.) Defense counsel moved to exclude these tapes, and on January 7, 2002, the tapes were played in court as the judge considered the motion. (Pl.'s Cross Mot., Exh. I.) The court allowed the December 7th tape to be admitted, but it excluded the January 16th tape because it was inaudible. *Bullock*, 2005 WL 820909 at *1.

Two voices appear on the December 7th tape. *Id*. A witness at the trial identified one of the voices as belonging to plaintiff. *Id*. The other voice belongs to Stacy Crain, who was deceased at the time of the trial. *Id*. Plaintiff alleges that Ms. Crain was a confidential informant, although defendants have refused to confirm or deny this. (Pl.'s Cross Mot. at 2; Defs.' Opp'n at 13.)

Plaintiff also claims that an additional tape was made on January 16, 2001, reasoning that because there were three drug buys involving a confidential informant (Pl.'s Cross Mot., Exh. F), there should be three corresponding tapes. (Pl.'s Cross Mot. at 3, 5.) Defendants acknowledge

that they are withholding one audio tape only, but they have refused to provide any details about the identity or contents of this tape. (Hardy Decl. at ¶ 32.) Therefore, it is unclear which tape the government is withholding.

Plaintiff also seeks five pages from two separate DEA-6 reports describing drug transactions between a confidential informant, the plaintiff and third parties.[2] (Wassom Decl. at ¶¶ 11, 73-74.) Plaintiff alleges that the government produced both reports during his criminal trial.[3] (Pl.'s Cross Mot. at 2, 5, 8.) Plaintiff seeks the DEA-6 reports because he believes that one of the reports allegedly produced to him by the government (*see* Pl.'s Cross Mot., Exh. H) was fabricated. (*Id*. at 8-9.)

Before the Court are the parties' cross motions for summary judgment. There is no dispute regarding the exhaustion of administrative remedies.

## ANALYSIS

**I.    AUDIO TAPE**

Defendants are withholding an audio tape under Exemptions 6, 7(A), 7(C) and 7(D). Plaintiff argues that defendants effectively waived these exemptions by placing the tape in the public domain during his criminal trial. In the alternative, plaintiff contends that there is no

---

[2]Plaintiff also suggests that a third DEA-6 report exists. (Pl.'s Cross Mot. at 5.) However, because plaintiff only asked for the five pages withheld by defendants (*id*. at 1-2, 8-10), and because he does not contest the adequacy of the search, the possibility that a speculative third report exists is not relevant here.

[3]The Court is assuming that the reports attached as Exhibits E and H to plaintiff's cross motion are the same reports being withheld by defendants because they were made at the same time and involve the same underlying facts. However, as discussed below, the Court's conclusion does not rest upon this assumption, because even if the reports were disclosed during discovery to plaintiff, they have not entered the public domain.

legitimate privacy interest in the tape because the confidential informant is deceased and her identity is public knowledge. (Pl.'s Cross Mot. at 2-3.) The Court's analysis is complicated by the fact that defendants have failed to specify which tape they are withholding. (Hardy Decl. ¶ 32.) There are several possibilities: 1) the December 7th tape that was admitted into evidence as Exhibit 73 at the criminal trial; 2) the January 16th tape that was excluded because it was found to be inaudible; or 3) some other tape.

The December 7th tape is clearly in the public domain. In *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999), the D.C. Circuit held that audio tapes played in open court and admitted into evidence become part of the public domain and cannot be withheld under any FOIA exemption. The December 7th tape was played in open court and admitted into evidence, *see Bullock*, 2005 WL 820909 at *1, so it is part of the public domain.[4] If defendants are withholding this tape, they must produce it.

If the recording withheld by defendants is something other than the December 7th tape, the Court needs more information before it can determine the applicability of Exemptions 6, 7(A), 7(C) and 7(D). Rather than speculating about the contents of the tape, the Court will order

---

[4]Exemption 7(D) protects the identity of a confidential source, even when the source has testified at trial. *See Parker v. Dep't of Justice*, 934 F.2d 375, 379 (D.C. Cir. 1991) (a government agency is not required to disclose the identity of a confidential source or information conveyed to the agency in confidence in a criminal investigation notwithstanding the possibility that the informant may have testified at a public trial) (internal citation omitted). However, it does not protect information that was actually revealed in public. *See Davis v. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). Therefore, because the information on the December 7th tape is the "exact information" that was revealed in public, it is not protected by Exemption 7(D). *See id*. ("The government is obliged to disclose only the 'exact information' to which the source actually testified.") (citing *Dow Jones & Co. v. Dep't of Justice*, 917 F.2d 571, 577 (D.C. Cir. 1990)).

defendants to file an affidavit that identifies[5] the date and nature of the recording, and sets forth the specific exemptions upon which it relies to withhold the tape.

## II.     DEA-6 REPORTS

Defendants are withholding five pages from two DEA-6 reports based on Exemptions 2, 7(C), 7(D) and 7(F).  Unlike the December 7th tape, there is no indication that these reports are in the public domain.  Plaintiff cites DEA Exhibit M as evidence that these five pages were released at the criminal trial.  (Pl.'s Cross Mot. at 1.)  However, these five pages are referenced in Exhibit F, not Exhibit M, and nowhere in Exhibit F does it state that the withheld information was admitted at trial.  (Wassom Decl. at ¶ 11; *Id*., Exh. F.)  Nor do the portions of the transcript that plaintiff relies upon suggest that these reports were admitted into evidence.  (Pl.'s Cross Mot., Exh. I.)  At best, the transcript shows that the reports were discussed at trial, but mere references to the reports during the trial do not bring them into the public domain.  *See Davis*, 968 F.2d at 1279 ("a plaintiff asserting a claim of prior disclosure must bear the initial burden of pointing to specific information in the public domain that appears to *duplicate* that being withheld") (emphasis added) (quoting *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983).

Furthermore, the reports are not in the public domain even if the government produced them as part of its pretrial obligations.  *See Cottone*, 193 F.3d at 556 ("a constitutionally compelled disclosure to a single party simply does not enter the public domain").  Similarly, if the withheld reports constitute *Brady* material, as plaintiff argues, this is not relevant here.  *See*

---

[5]For instance, is this the same tape that was produced to plaintiff prior to trial and then played in court, but was subsequently found to be inaudible?  *See* Pl.'s Cross Mot., Exh. A and *Bullock*, 2005 WL 820909 at *1.

*Farrugia v. Executive Office for U.S. Attorneys*, No. 04-cv-294(PLF), 2006 WL 335771 (D.D.C. Feb. 14, 2006) ("Whether the government has failed to meet its responsibilities under *Brady v. Maryland*, 373 U.S. 83 (1963), of course, is an important question in trial, appellate and post-conviction proceedings, but it must be addressed in another forum."). Because the reports are not in the public domain, the Court must examine the merits of the FOIA exemptions upon which defendants rely.

    *A.*    *Exemption 7(D)*

Defendants argue that the entire contents of the five pages can be withheld under Exemption 7(D), which has long been recognized as the strongest of all of FOIA's law enforcement exemptions. *See, e.g.*, *Billington v. Dep't of Justice*, 301 F. Supp. 2d 15, 22 (D.D.C. 2004). Exemption 7(D) protects law enforcement records that "could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . . , information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D).

Defendants are withholding the reports in their entirety because "information about the plaintiff is inextricably intertwined with information about the confidential source and third parties. Release of any of the information could enable the plaintiff to identify the confidential source." (Wassom Decl. at ¶¶ 73-74.) Because information about the confidential source's identity is "inextricably intertwined" with other information in the reports, it is proper to withhold the documents in their entirety. *See Canning v. Dep't of Justice*, 848 F. Supp. 1037, 1049 n.2 (D.D.C. 1994) (quoting *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1209 (D.C. Cir. 1992)).

Plaintiff argues that Exemption 7(D) is inapplicable because the confidential source is deceased and her identity is publicly known. (Pl.'s Cross Mot. at 3.) However, Exemption 7(D) applies even when the source's identity is no longer a secret. *See Irons v. FBI*, 880 F.2d 1446, 1448 (1st Cir. 1989) ("The words 'furnished by a confidential source' do not mean that the information or the identity of the source is secret; they simply mean that the information was 'provided in confidence' at the time it was communicated.") (internal citations omitted). Therefore, even if the identity of the confidential source was revealed at the trial, as plaintiff alleges, Exemption 7(D) still applies. *See Parker*, 934 F.2d at 379 (D.C. Cir. 1991) ("a government agency is not required to disclose the identity of a confidential source or information conveyed to the agency in confidence in a criminal investigation notwithstanding the possibility that the informant may have testified at a public trial").

To overcome Exemption 7(D), plaintiff needs to show that the "exact information" contained in the reports is already in the public domain. *See Davis v. Dep't of Justice*, 968 F.2d at 1281. Plaintiff has satisfied this burden with respect to the December 7th tape because it was played in open court. *See* note 4, *supra*. However, as discussed above, there is no indication that the exact information from these reports was revealed at the trial. Furthermore, plaintiff's claim that the confidential source is deceased is irrelevant, as Exemption 7(D) continues to apply after the death of a confidential source. *See Campbell v. Dep't of Justice*, 164 F.3d 20, 34 n.14 (D.C. Cir. 1998) ("Death of a confidential source . . . is not relevant under exemption 7(D).") (internal citation omitted).

The only remaining issue is whether the DEA has sufficiently demonstrated that it provided an assurance of confidentiality to the source. The DEA's assurance of confidentiality

is supported by a signed agreement:

> The information at issue here pertains to coded confidential informants with express assurances of confidentiality. . . . Coded informants are individuals who have a continuing cooperative association, by written signed agreement, with DEA. Such cooperative arrangements are established and maintained according to DEA policy and procedure.

(Wassom Decl. at ¶¶ 61-62.)  A signed agreement between a confidential source and a law enforcement agency is sufficient proof of an express promise.  *See Billington v. Dep't of Justice*, 233 F.3d 581, 585 (D.C. Cir. 2000).

Therefore, because the DEA-6 reports contain information disclosed by a confidential source pursuant to an express assurance of confidentiality, and because it is impractical to segregate information about the confidential source from the rest of the reports, defendants have properly withheld the documents in their entirety under Exemption 7(D).

    *B.*    *Exemption 7(C)*

In addition to the blanket protection provided by Exemption 7(D), specific portions of the DEA-6 reports are also covered by Exemption 7(C), which protects law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  Defendants are withholding the names of law enforcement officers and third-parties.  (Wassom Decl., Exh. P at 8-10, 13-15.)  Barring strong evidence of official misconduct, such identifying information falls within Exemption 7(C).  *See Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) (holding that information identifying law enforcement officials and third parties was properly withheld under Exemption 7(C)).  While plaintiff alleges that documents were falsified in his criminal case (Pl.'s Cross Mot. at 4), these "bare and undeveloped allegations would not warrant a belief by a reasonable person that

impropriety might have occurred." *Id.* (citing *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004)). Therefore, defendants' reliance on Exemption 7(C) is valid.[6]

    C.    *Exemption 2*

Defendants are also withholding portions of the reports under Exemption 2, which protects information "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Three categories of information are being withheld: 1) violator and informant identifier codes (*i.e.*, G-DEP codes, NADDIS numbers, and informant identifier codes); 2) details about law enforcement operations; and 3) internal phone numbers. (Wassom Decl. at ¶¶ 45-50.) The first and third categories are clearly protected. *See Barbosa v. Dep't of Justice*, No. 06-cv-867(CKK), 2007 WL 1201604, at *3 (D.D.C. Apr. 23, 2007) ("Defendant properly applied exemption 2 to violator identifiers' consisting of G-DEP (Geographical Drug Enforcement Program) codes, NADDIS Numbers, and confidential informant numbers, which are part of DEA's internal system of identifying information and individuals. The redaction of such information from responsive records has been routinely approved.") (internal quotations and citations omitted); *James v. U.S. Customs & Border Protection*, 549 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (internal phone numbers were properly withheld). However, the second category requires some further discussion.

The DEA is withholding information about "law enforcement operations" that would enable violators to "avoid detection and arrest." (Wassom Decl. at ¶ 49.) While this is somewhat vague, courts have generally protected such information under similar circumstances.

---

[6]Defendants also invoke Exemption 7(F) with respect to the DEA-6 reports. However, because Exemption 7(F) is used only in conjunction with Exemptions 7(C) or 7(D), which have already been upheld, the Court need not address it.

*See, e.g.*, *Anderson v. Dep't of Justice*, 518 F. Supp. 2d 1, 12 (D.D.C. 2007) (information about "techniques or procedures for law enforcement investigations or prosecutions" and "guidelines for law enforcement operations" was properly withheld).  Therefore, the Court will uphold Exemption 2.

## CONCLUSION

For the reasons stated above, the Court will grant defendants' motion for summary judgment with respect to the DEA-6 reports.  However, because defendants' description of the audio tape is insufficient, the Court will reserve judgment on this item until it receives an affidavit describing the recording.  A separate Order accompanies this Memorandum Opinion.

                    /s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   September 9, 2008