# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                              )
**JOHNNY LEE BULLOCK,**                       )
                                              )
          **Plaintiff,**                      )
                                              )
          **v.**                              )   **Civil Action No. 07-1013 (ESH)**
                                              )
**FEDERAL BUREAU OF INVESTIGATION,**          )
*et al.,*                                     )
                                              )
          **Defendants.**                     )
_____)

## MEMORANDUM OPINION

Plaintiff requested law enforcement reports and an audio tape under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*  The Court upheld the nondisclosure of the

reports, but it ordered defendants to provide more information about the audio tape.  After

reviewing defendants' affidavit relating to the tape and the pleadings by both parties, the Court

finds that the audio tape has been properly withheld under Exemptions 7(C) and 7(D).

## BACKGROUND

Plaintiff filed a *pro se*[1] FOIA suit against the Federal Bureau of Investigation ("FBI") and

the Drug Enforcement Administration ("DEA") seeking DEA reports and an FBI audio tape

related to defendants' criminal investigation of him.  In a previous Memorandum Opinion,[2] this

Court found that defendants had properly withheld the DEA reports in their entirety under

_____

[1] The Court acknowledges that, as a *pro se* litigant, plaintiff's filings should be construed liberally.  *See Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 374 (D.C. Cir. 2000).

[2] *Bullock v. F.B.I.*, No. 07-cv-1013(ESH), 2008 WL 4147126, at *1 (D.D.C. Sept. 9, 2008).

Exemption 7(D), and that portions of the reports were also protected by Exemptions 2 and 7(C).
*See Bullock*, 2008 WL 4147126, at *3-5.

　　　The Court was unable to make a definitive ruling with respect to the audio tape since it
was unclear which tape the FBI had withheld. *Id.* at *2. If the FBI had the December 7, 2000
tape that had been admitted into evidence at plaintiff's criminal trial, the Court required the FBI
to produce it because it had become part of the public domain. *Id.* However, if the FBI had a
different tape, the Court determined that it did not have enough information to rule on the status
of the tape. *Id.* Accordingly, the Court ordered defendants to submit a supplemental affidavit
describing the tape and justifying its nondisclosure. *Id.* at *2, *5.

　　　In response, defendants submitted the Third Declaration of David M. Hardy, the Chief of
the Record/Information Dissemination Section at the FBI. (Hardy Decl. ¶ 1.) Mr. Hardy stated
that the FBI had been unable to locate the December 7th tape after conducting a diligent search.
(*Id.* ¶ 5.) He also said that the tape held by the FBI is a January 16, 2001 recording made
pursuant to the Bureau's investigation of plaintiff. (*Id.* ¶¶ 6-7.) The tape begins with an
introduction by an FBI agent, who identifies local law enforcement officers involved in the case
and says that the cooperating witness will attempt to buy methamphetamine from plaintiff. (*Id.* ¶
7.) Then a conversation ensues between the cooperating witness, plaintiff, and two others who
were not targets of the investigation. (*Id.* ¶¶ 6-7, 17.) Only 65-75% of the tape is audible. (*Id.* ¶
7.)

　　　One unanswered question is whether this tape is the same recording that was excluded
from plaintiff's criminal trial because it was inaudible, as both were recorded on January 16,
2001, and both contain inaudible portions. (*Id.* ¶¶ 6-7.) *See also U.S. v. Bullock*, No. 02-5854,

2005 WL 820909, at *1 (6th Cir. Apr. 11, 2005).  According to Mr. Hardy, the FBI was unable

to determine "with absolute certainty" whether the two are the same.  (Hardy Decl. ¶ 6.)

However, plaintiff argues that this is a different tape that was improperly withheld from him in

violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  (Pl.'s Resp. ¶¶ 2,11.)  Defendants have

produced a redacted version of the tape, but they are still withholding certain portions under

FOIA Exemptions 6, 7(C) and 7(D),[3] and Privacy Act Exemption (j)(2).  (Defs.' Reply at 1-2.)

Defendants also argue that plaintiff's *Brady* claims are irrelevant to his FOIA case.  (*Id*. at 2.)

## ANALYSIS

As explained in the previous Memorandum Opinion (*see Bullock*, 2008 WL 4147126, at

*3), a FOIA case is not the proper forum in which to raise a *Brady* claim.  *See Boyd v. Criminal

Div. of Dep't of Justice*, 475 F.3d 381, 390 (D.C. Cir. 2007) ("The disclosure obligation that

*Brady* imposes at a defendant's criminal trial based on constitutional considerations is not the

same disclosure obligation imposed under FOIA by Congress."); *Farrugia v. Executive Office

for U.S. Attorneys*, No. 04-cv-294(PLF), 2006 WL 335771, at *4 n.6 (D.D.C. Feb. 14, 2006)

("Whether the government has failed to meet its responsibilities under *Brady* . . . , of course, is

an important question in trial, appellate and post-conviction proceedings, but it must be

addressed in another forum.").  Accordingly, plaintiff's *Brady* arguments are not relevant to his

FOIA case.  The only issue for this Court is whether plaintiff's affidavit provides sufficient

support for withholding portions of the tape.

The FBI has asserted Exemption 6 in conjunction with Exemption 7(C).  (Hardy Decl. at

8 n.2.)  Exemption 6 applies to "personnel and medical and similar files the disclosure of which

---

[3]Defendants have withdrawn their Exemption 7(A) claim.  (Defs.' Reply at 2.)

would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

Exemption 7(C), on the other hand, protects law enforcement records that "could reasonably be

expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).

While the two are similar, agencies have a significantly lower burden of proof under Exemption

7(C).  *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 165-66 (2004).  This tape

was created pursuant to a law enforcement investigation, so it is a law enforcement record under

Exemption 7(C).

The redacted portions of the tape identify two individuals who were not targets of the

investigation.  (Hardy Decl. ¶ 17.)  Because of the stigma of being associated with a drug

investigation, the identities of these innocent bystanders are protected by Exemption 7(C).  *See*

*Perrone v. F.B.I.*, 908 F. Supp. 24, 26 (D.D.C. 1995) ("The mere mention of an individual's

name in a law enforcement file could engender comment and speculation and carries a

stigmatizing connotation.") (internal citation omitted).

The FBI has also redacted a portion of the tape identifying an FBI agent and several local

law enforcement officers.  (Hardy Decl. ¶¶ 15, 19.)  Absent strong evidence of official

misconduct, the identities of law enforcement officials are protected by Exemption 7(C).  *See,*

*e.g.*, *Dorsett v. Dep't of Treasury*, 307 F. Supp. 2d 28, 38-39 (D.D.C. 2004).  Plaintiff's

unsupported allegations of official misconduct do not outweigh the privacy interests of these law

enforcement officials.  *See Favish*, 541 U.S. at 174 ("[T]he requester must establish more than a

bare suspicion in order to obtain disclosure.  Rather, the requester must produce evidence that

would warrant a belief by a reasonable person that the alleged Government impropriety might

have occurred.").  *See also Burke v. Dep't of Justice*, No. 96-cv-1739(RMU), 1999 WL 1032814,

at *4 (D.D.C. Sept. 30, 1999) ("The courts have consistently refused to recognize any public interest in disclosure of information to assist a convict in challenging his conviction.") (internal citation omitted).  Accordingly, the portions of the tape identifying third parties and law enforcement officials are protected by Exemption 7(C).[4]

As discussed in the previous Memorandum Opinion (*see Bullock*, 2008 WL 4147126, at *3), Exemption 7(D) has long been recognized as the strongest of all of FOIA's law enforcement exemptions.  *See, e.g.*, *Billington v. Dep't of Justice*, 301 F. Supp. 2d 15, 22 (D.D.C. 2004).  It protects law enforcement records that "could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . . , information furnished by a confidential source."  5 U.S.C. § 552(b)(7)(D).  Exemption 7(D) applies even when the confidential source is deceased or her identity is publicly known.  *See Irons v. FBI*, 880 F.2d 1446, 1448 (1st Cir. 1989).  The only way to overcome Exemption 7(D) is to show that the "exact information" contained in the record is already in the public domain.  *See Davis v. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992) (internal citation omitted).

This tape identifies a cooperating witness who was given an express promise of confidentiality.  (Hardy Decl. ¶ 22.)  This information is protected by Exemption 7(D) unless the "exact information" contained on the tape is already in the public domain.  *See Davis*, 968 F.2d at 1281.  However, even if one assumes that this is the same tape that was excluded at plaintiff's trial, which plaintiff denies, it still did not enter the public domain.  A limited playing of the tape

---

[4]Because the Court has determined that this information was properly withheld under Exemption 7(C), it need not consider the applicability of Exemption 6.

for the purposes of an evidentiary determination did not bring the tape into full public view.  *See*

*Davis v. Dep't of Justice*, 460 F.3d 92, 96 (D.C. Cir. 2006) ("material *unconditionally* revealed

in open court . . . enter[s] the public domain beyond recall for all time and therefore cannot be

withheld under FOIA") (emphasis added) (internal quotations and citations omitted).  This tape

is not in the public domain, and is therefore protected by Exemption 7(D).

## CONCLUSION

For the reasons stated above, the Court will grant defendants' motion for summary

judgment with respect to the audio tape.  A separate Order accompanies this Memorandum

Opinion.

_____
/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:     November 25, 2008